**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Randall Loyis Simpson, | ) | Civil Action No.: 6:20-cv-02036-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Teresa Cunningham, Rachel Flowers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Randall Loyis Simpson, while a pretrial detainee at the Florence County Detention Center ("the Detention Center"), proceeding *pro se*, filed a Motion seeking a preliminary injunction on May 29, 2020. (ECF No. 2.) Plaintiff filed this Motion with a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Teresa Cunningham and Rachel Flowers, alleging violations of his constitutional rights as protected by the First, Fifth, and Fourteenth Amendments. (ECF No. 1 at 4.) He further contends Defendants, employees at the Detention Center, engaged in a campaign of retaliation against him by interfering with his mail and denying him access to the courts.

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7). On June 4, 2020, the Magistrate Judge recommended that the court deny Plaintiff's Motion for Preliminary Injunction. (*See id*. at 4.) The Magistrate Judge observed that Plaintiff failed to meet the standard for issuance of a preliminary injunction and did not show likelihood to succeed on the merits of his claims. (*Id*. at 2.) Specifically, the Magistrate Judge observed that Plaintiff (1) did not show actual injury as required for a valid constitutional claim for denial of access to the courts; and (2) did not substantiate his interference with mail claims. (*See id*. at 2–4.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight and the responsibility to make a final determination remains with the court. *See id*. The court reviews de novo only those portions of the Report to which specific objections are filed.[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *See id*. at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report. (ECF No. 7 at 5.) However, none of the parties filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28

---

[1] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error.[2] Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 2).

**IT IS SO ORDERED.**

United States District Judge

December 30, 2020
Columbia, South Carolina

---

[2] Although the court generally agrees with this statement, the court observes that the Magistrate Judge maintains Plaintiff is "dissatisfied with the representation provided … [and] has an attorney representing him in his state criminal charges." (ECF No. 7 at 3 (citing ECF No. 1).) This court was unable to substantiate this finding in the document cited.